IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45544

| STATE OF IDAHO, | ) | |
| --- | --- | --- |
| | ) | Filed: November 30, 2018 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| MICHAEL AARON ALLAIRE, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for disturbing the peace, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Michael Aaron Allaire appeals from the district court's judgment of conviction for disturbing the peace. For the reasons set forth below, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

While some details are in dispute, the general facts are as follows. Three male roommates, including Allaire, were involved in a verbal altercation inside the home they shared. Allaire called his brother on the telephone, and the brother came to the house. When Allaire's brother arrived, one of the roommates ("Roommate"), while holding a knife, came to the front door and told Allaire and his brother to leave the property. Roommate went back inside the home and called the landlord and the police. Allaire then went to the back door of the house while holding an assault rifle he had retrieved from his automobile.

1

Allaire was charged with aggravated assault with a firearm enhancement. The case proceeded to trial. Defense counsel requested a self-defense instruction, which the district court denied. The district court did provide a lesser included offense of disturbing the peace. The jury acquitted Allaire of aggravated assault, but it found him guilty of disturbing the peace, Idaho Code § 18-6409. Allaire timely appeals from the district court's judgment of conviction.

## II.

## STANDARD OF REVIEW

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

## III.

## ANALYSIS

Allaire asserts the district court erred when it declined to give a self-defense instruction based on its conclusion there was no evidence of a present threat at the time Allaire went to the back door with his assault rifle. A defendant is entitled to have the jury instructed as to his theory of the case, but such an instruction need not be given unless there is supportive evidence for that theory. I.C. § 19-2132; *State v. Mason*, 111 Idaho 660, 669, 726 P.2d 772, 781 (Ct. App. 1986). In order to assert self-defense, a defendant must show he reasonably believed he was in imminent danger of bodily harm and that he reasonably believed the force used was necessary to repel the victim's attack. *State v. Iverson*, 155 Idaho 766, 772, 316 P.3d 682, 688 (Ct. App. 2014).

Allaire contends there was evidence presented at trial that supports his theory of self-defense. He points out that he had a verbal altercation with his roommates and that Roommate admitted to threatening Allaire and his brother and told them to leave the property after the argument. Further, during the detective's testimony at trial, a video interview with Allaire was played for the jury in which Allaire stated that Roommate opened the front door while holding a knife and said, "Don't come around my property. I have a gun, I'll shoot anybody that comes into my house." Allaire also stated in his police interview that he urged his brother to leave but that his brother was hesitant to leave because he was worried for Allaire's safety. His brother

2

suggested Allaire retrieve his assault rifle. Allaire stated the purpose of getting the rifle was to keep it in his room for protection. Allaire retrieved his rifle and attempted to return to the house through the back door. He stated he intended to go to his room and load the gun so he could sleep, but when he returned and Roommate saw him, Roommate panicked and ran. Allaire acknowledges the evidence of whether he had an actual fear of imminent danger is inconclusive but contends there is enough evidence presented to support his theory of self-defense. Conversely, the State asserts that no reasonable view of the evidence, including Allaire's own testimony, would require the court to give the self-defense instruction.

The district court did not err in refusing to give the requested self-defense instruction. The district court correctly concluded that once Roommate retreated back into the house, there was no present danger and there was no need for Allaire to protect himself when he returned to the house. Furthermore, Allaire's own statements during his police interview indicate he retrieved the rifle to keep in his room for protection while he slept, he did not claim he was acting in self-defense. Because there was no evidence of a threat of imminent danger at the time Allaire approached the house with a rifle, a self-defense instruction would have been improper.

## IV.

## CONCLUSION

Allaire failed to show the district court erred when it declined to give a self-defense instruction based on its conclusion there was no evidence of a present threat at the time Allaire went to the back door with his assault rifle. Therefore, his judgment of conviction is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.